Plaintiff-appellant State of Ohio appeals from the trial court's ruling of January 28, 1997, declaring the notification requirements of H.B. 180 unconstitutional, memorialized in R.C.2950.11, as ex post facto. For the reasons adduced below, we reverse.
Defendant-appellee Larry Johnson, d.o.b. July 14, 1969, pled guilty and was convicted on January 21, 1994, of one count of Sexual Battery (R.C. 2907.03, a third degree felony). His sentence of two-years imprisonment was suspended and he was placed on one year of probation. On May 19, 1994, a capias was issued for defendant. On August 28, 1995, defendant was returned to the custody of the sheriff. On September 18, 1995, defendant was adjudged to be a probation violator and his original sentence was ordered into execution. On January 22, 1997, shortly before he was to complete his sentence, the trial judge conducted a hearing on whether defendant, who was designated as a habitual sex offender pursuant to R.C.2950.01(B) by virtue of his conviction sub judice and another sexual offense conviction in North Carolina, had to comply with the notification and registration requirements under R.C. 2950,et seq. The court ruled that such notification requirements were unconstitutional and this appeal by the State followed.
The lone assignment provides:
 "THE TRIAL COURT ERRED IN RULING THAT THE NOTIFICATION PROVISIONS CONTAINED IN H.B. 180 WERE UNCONSTITUTIONAL ON THE GROUNDS THAT THEY ARE INAPPLICABLE AS EX POST FACTO LAWS IN VIOLATION OF THE OHIO AND UNITED CONSTITUTIONS."
The registration and notification provisions of R.C. 2950, formerly H.B. 180, have been declared to not be violative of the Constitution on ex post facto grounds because those provisions are not clearly punitive in effect and they "serve the remedial purpose of protecting the public." See State v.Cook (September 30, 1998), 83 Ohio St.3d 404, 423 (provides an exhaustive analysis of the constitutionality of R.C. 2950).
Assignment affirmed.
Judgment reversed and remanded.
This cause is reversed and remanded.
It is, therefore, considered that said appellant (s) recover of said appellee(s) its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
JOHN T. PATTON, P.J., and ANNE L. KILBANE, J., CONCUR.
 _______________________________ JAMES D. SWEENEY JUDGE
N.B. This entry is an announcement of the court's decision. See App. R. 22(B), 22(D) and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App. R. 22(E) unless a motion for reconsideration with supporting brief, per App. R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App. R. 22 (E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).